HENRY W. KING & COMPANY, Appellants, v. C. B. BIRD, *et al.*, Appellees.

85  535
97  656

1. **Practice:** INSTRUCTION DIRECTING VERDICT: EVIDENCE WITHOUT CONFLICT. If, where the evidence in a cause is without conflict, the facts are such that different minds might reach different conclusions, the determination of the case should be left with the jury.

2. **Debtor and Creditor:** HUSBAND DOING BUSINESS AS WIFE'S AGENT: FRAUD: EVIDENCE. Where the creditors of a husband attempted, by garnishment, to subject to the payment of a judgment, the latter's

earnings in a business, conducted in the name of the wife, but alleged to in fact belong to the husband, it being claimed that the wife was without capital for the conduct thereof, *held*, that evidence that the wife obtained money from renting rooms was properly admitted.

3. ———: ———: EXEMPTIONS: INSTRUCTIONS TO JURY. No claim being made that the money in question was exempt from execution as earnings of the husband within ninety days next preceding the levy, *held*, that it was error to instruct the jury, that the husband might, in good faith, give his wages for ninety days to his wife, or he might be in her employ for that period of time, and the same would not be regarded as fraudulent.

*Appeal from Woodbury District Court.*—HON. C. H. LEWIS, Judge.

TUESDAY, MAY 24, 1892.

THE plaintiffs, having a judgment against the defendant, C. B. Bird, garnished J. H. Strong and H. Balcom, as supposed debtors of C. B. Bird. They answered, showing an indebtedness from each in the sum of two hundred and fifty dollars to the firm of Bird & Selmser, real-estate brokers, for commissions. By stipulation the two hundred and fifty dollars owing by Mr. Balcom was released to Mr. Selmser, and the two hundred and fifty dollars owing by Mr. Strong was paid into court to abide the result of this litigation. The firm of Bird & Selmser and Mrs. E. O. Bird intervened, claiming that E. E. Selmser and Mrs. E. O. Bird composed said firm of Bird & Selmser, and that Mrs. E. O. Bird, as a member thereof, was entitled to said two hundred and fifty dollars. The appellant's claim is that C. B. Bird was the real member of said firm; that because of his insolvency the name of his wife was used for the purpose of placing the interest of C. B. Bird in said firm beyond the reach of his creditors. The case was tried to a jury, and verdict and judgment in favor of E. O. Bird. The plaintiffs appeal. *Reversed.*

*Strong & Owen*, for appellants.

*Marks & Mould*, for appellees.

GIVEN, J.—There is but little question, if any, as to the facts. The contention is rather as to the conclusion to be reached from the facts. Some time previous to the transaction under notice, C. B. Bird had failed in business. His property was taken by his creditors, and he was left insolvent, and in debt to the plaintiffs and others. The homestead was all that remained to him and his wife. Since his insolvency they have carried on business under his supervision in the name of the Bird Manufacturing Company, of which they say Mrs. Bird is the sole owner. January 1, 1890, the firm of Bird & Selmser was formed under an agreement in writing: "By and between C. B. Bird, agent, * * * and E. E. Selmser, * * * in the business of a general real estate exchange and loan brokers." This agreement was signed "Charles B. Bird, agent for E. O. Bird. E. E. Selmser." The negotiations leading to this agreement were between C. B. Bird and E. E. Selmser alone. Mrs. Bird, though at the time in the city and within easy reach, was never seen or consulted by Selmser. Selmser testifies that he would not go in with C. B. Bird, because he knew that he was insolvent, and could not pay his debts. Mrs. Bird testifies that the reason why the partnership was in her name was that Mr. Bird could not do business in his own name. C. B. Bird testified that the partnership was in her name "because my time and services belonged to Mrs. Bird. They have belonged to her since I gave them to her in 1885, soon after my business failure. I work for Mrs. Bird. She pays me whatever I take out. My payment rests in my discretion." The only capital put into the business of this firm was some office furniture, and the payment of fifty dollars office

rent by check of the Bird Manufacturing Company. The business of the firm was conducted solely by Mr. Bird and Mr. Selmser, Mrs. Bird taking no part therein. During the same time Mr. Bird was managing the business of the Bird Manufacturing Company, devoting his whole time to that and the business of Bird & Selmser. Mr. Bird never rendered any statements or otherwise accounted to Mrs. Bird concerning the business in his charge, or the amounts taken by him for his own use, and no accounts whatever were kept between them. Mrs. Bird testifies as follows: "I suppose we are worth forty thousand dollars or fifty thousand dollars. We had only a little at first, at the time Mr. Bird took charge of my business." It does not appear that either Mr. or Mrs. Bird had any other resource from which to have accumulated this forty thousand dollars to fifty thousand dollars except the homestead, from which Mrs. Bird testifies she had an income in the way of rents for rooms, and from a dwelling on the premises other than the house in which they lived. The two hundred and fifty dollars in question, together with the two hundred and fifty dollars paid to Mr. Selmser under the stipulation, were earned by the skill and industry of Mr. Bird and Mr. Selmser in negotiating the sale of real estate for which these amounts were due as commission. The real contention is whether the two hundred and fifty dollars in the hands of the court is the property of C. B. Bird or of E. O. Bird, and the determination of this rests upon which of the two was in fact the member of the firm of Bird & Selmser.

I. The appellant complains that the court overruled his motion for verdict at the close of the evidence for the intervenors, and also his motion for new trial upon the ground that the verdict is contrary to and not sustained by the evidence. There being no conflict in

1. JURY: instruction directing verdict: evidence without conflict.

the evidence, the rule in such cases does not apply. Where there is no conflict, the rule is that, if from the facts different minds might reach different conclusions, it is for the jury to determine what the proper conclusion is. While, if the case were before us for trial *de novo*, we might reach a different conclusion from that arrived at by the jury, we cannot under the rule say that their conclusion is not warranted by the evidence.

II. The appellant complains that Mrs. Bird was permitted to testify that she received money from renting rooms. One of the reasons relied upon for claiming that the business carried on in the name of Mrs. Bird was in fact the business of Mr. Bird was her want of capital for carrying on the business. This inquiry was to show her ability, and therefore admissible. Other rulings assigned in admitting evidence were without prejudice, even if erroneous, and need not be further noticed.

2. DEBTOR and creditor: husband doing business as wife's agent: fraud: evidence.

III. The appellant asked the following instruction, which was refused: "*Ninth*. The jury are instructed that there are no issues in this action upon which the question of exemptions are pertinent, and you are instructed to disregard any claim of exemptions made by intervenors." The court gave the following: "C. B. Bird might, in good faith, give his wages for ninety days to his wife, or he might be in her employ for that period of time, and the same would not be regarded as fraudulent." The following instruction was given at the request of intervenors: "Under the laws of Iowa, the earnings of the head of the family for his personal services, at any time within ninety days next preceding the levy, are exempt from execution, and the debtor can give those earnings or those services to his wife, and his doing so is not a fraud upon his creditors."

3. ——: ——: exemptions: instructions to jury.

We fail to discern the application of the instructions given. Neither the defendant, C. B. Bird, nor the intervenor E. O. Bird, had asserted right to this two hundred and fifty dollars as exempt. C. B. Bird made no claim whatever to the money, and E. O. Bird was not claiming it to be exempt as earnings of her husband. While it is true that under the law the earnings of the head of the family for his personal service, at any time within ninety days, are exempt, and that a husband may give his wages to his wife, yet there was no issue in the case to which these rules of the law were applicable. It might be argued that herein was a reason why the husband was giving his time to the business of his wife without fixed compensation; but, if such were the purpose of stating these rules of the law, the proper application of them should have been made. Under the instructions the jury might well have found that the two hundred and fifty dollars were personal earnings of the husband, and, being exempt, the plaintiff was not entitled to the same. We think the court erred in giving these two instructions, and in refusing that asked by the appellant.

We have examined other exceptions taken to the instructions given, and refused, but do not discover any error therein. For the error pointed out, the judgment of the district court must be REVERSED.